UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT EARL COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:12-0332 |
| ) | Judge Sharp/Bryant |
| STATE OF TENNESSEE, et al., ) | Jury Demand |
| ) | |
| Defendants. ) | |

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Defendant Dane Lee has filed his motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 33). Plaintiff has filed a response in opposition (Docket Entry No. 47).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant Lee's motion to dismiss be GRANTED in part and DENIED in part.

## Statement of the Case

Plaintiff Robert Earl Cole, a prisoner proceeding pro se and in forma pauperis, has filed a complaint which, including exhibits and attachments, totals 520 pages and asserts several seemingly unrelated constitutional and statutory claims against 36 different defendants. Defendant Lee, a physician who treated plaintiff while he was confined at the Northeast Correctional

Complex ("NECX") in Mountain City, Tennessee, is one of those defendants.

The allegations against defendant Lee are found in paragraph number 32 on page 24 of the complaint (Docket Entry No. 1 at 24) and consist of seven wholly conclusory sentences but no facts. However, in pages 130 through 135 of Exhibit D to the complaint (Docket Entry No. 1-4 at 130-35), plaintiff includes allegations which, liberally construed, charge that defendant Lee was deliberately indifferent to plaintiff's serious medical needs when, in October 2011, defendant Lee deprived plaintiff of certain medications for reasons unrelated to plaintiff's medical condition.

### **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more

than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

Defendant Lee, in support of his motion to dismiss, argues that he is mentioned on only one of the 520 pages in

3

plaintiff's complaint, and that plaintiff's allegations against defendant Lee are almost wholly conclusory and lacking in facts (Docket Entry No. 38). Defendant argues that the factual allegations against him are insufficient to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In his response in opposition (Docket Entry No. 47), plaintiff argues that he has stated a claim against defendant Lee based on several causes of action. First, plaintiff claims that defendant Lee has violated Title II of the Americans With Disabilities Act ("ADA") and Section 504 of the 1973 Rehabilitation Act by failing to see that handicap accessible showers were provided to disabled inmates confined at NECX. Second, plaintiff argues that he has sufficiently stated a claim against defendant Lee pursuant to 42 U.S.C. § 1983 by claiming that defendant Lee was deliberately indifferent to his serious medical needs following plaintiff's fall in a shower at NECX on January 17, 2010, and that defendant Lee thereafter wrongfully denied plaintiff necessary medications for his medical conditions. Third, plaintiff asserts that he has stated a claim that defendant Lee's course of treatment of the plaintiff was "substandard," at least by implication stating a claim of medical malpractice. Finally, plaintiff asserts that he has stated a claim against defendant Lee for filing an affidavit for the Attorney General's Office to be used in the Tennessee Claims Commission, which contained erroneous information about

plaintiff's medical history.

If plaintiff's allegations against defendant Lee were limited to those few statements in paragraph 32 of the complaint (Docket Entry No. 1 at 24), defendant Lee's motion to dismiss would have merit, because these statements are wholly conclusory and are insufficient to state a claim upon which relief can be granted under the authority of Ashcroft v. Iqbal. However, as mentioned above, Exhibit D of plaintiff's prolix complaint does contain sufficient factual allegations that, in October 2011, defendant Lee terminated for nonmedical reasons certain medications previously provided to plaintiff, and thereby caused plaintiff to experience unnecessary pain and further sickness because of this change in medication. Liberally construed, and in the context of a motion to dismiss pursuant to Rule 12(b)(6), the undersigned finds that this allegation is sufficient to state a plausible claim for deliberate indifference to serious medical needs under § 1983.

Subchapter II of the ADA in general provides that any "public entity," which includes any state or local government or department or agency thereof, may not discriminate against a qualified individual with a disability (42 U.S.C. § 12131). The Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., provides, in general, that no otherwise qualified individual with a disability shall, solely by reason of his disability, be excluded from participation in, or the benefits of, or be subjected to

5

discrimination under, any program or activity receiving federal financial assistance. The Sixth Circuit Court of Appeals, however, has held that neither the ADA nor the Rehabilitation Act of 1973 imposes personal liability upon individuals. <u>Hiler v. Brown</u>, 177 F.3d 542, 546 (6th Cir. 1999) (citing <u>EEOC v. AIC Sec. Investigations, Ltd.</u>, 55 F.3d 1276, 1279-81 (7th Cir. 1995)). Therefore, plaintiff's claims under these statutes apply, if at all, against the state or its agencies, and plaintiff may not assert a claim against defendant Lee individually pursuant to the ADA or the Rehabilitation Act of 1973.

To the extent that plaintiff seeks to assert a state law claim of medical malpractice against defendant Lee, plaintiff has failed to comply with statutory prerequisites required by Tennessee law for instituting a medical malpractice action. <u>See</u> Tenn. Code Ann. § § 29-26-121 and -122). Accordingly, plaintiff's complaint fails to state a claim of medical malpractice against defendant Lee upon which relief can be granted.

Finally, plaintiff's assertion that defendant Lee has filed an affidavit containing erroneous information about plaintiff's medical history with the Tennessee Claims Commission is wholly conclusory. The complaint fails to state what the affidavit said, how the affidavit was in error, and any effect of such filing. Moreover, plaintiff fails to state any legal grounds for a remedy in the event that an erroneous affidavit were filed.

Summarizing the foregoing, the undersigned Magistrate Judge finds that, under the standard of review applicable to motions to dismiss, plaintiff has sufficiently stated a claim against defendant Lee under § 1983 for deliberate indifference to plaintiff's serious medical needs. With respect to that claim, defendant Lee's motion to dismiss must be denied. With respect to all other claims against defendant Lee, defendant's motion to dismiss has merit and should be granted.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendant Lee's motion to dismiss be DENIED with respect to plaintiff's § 1983 claim of deliberate indifference to his serious medical needs, but that defendant's motion to dismiss be GRANTED with respect to all other claims.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 6th day of March 2013.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge