UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT EARL COLE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|              v. ) | NO. 3:12-0332 |
| ) | Judge Sharp/Bryant |
| STATE OF TENNESSEE, et al., ) | Jury Demand |
| ) | |
|     Defendants. ) | |

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Defendant Paul Alexander has filed his motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 50). Plaintiff has not responded in opposition.

For the reasons stated below, the undersigned recommends that defendant Alexander's motion to dismiss be granted.

## Statement of the Case

Plaintiff Robert Earl Cole, a prisoner proceeding pro se and in forma pauperis, has filed his complaint which, including all exhibits and attachments, amounts to 520 pages. In this pleading plaintiff asserts a number of seemingly unrelated constitutional and statutory claims against 36 different defendants.

Defendant Alexander is identified in the complaint as a doctor at DeBerry Special Needs Facility in Nashville, Tennessee. The operative allegations in the complaint against defendant Alexander consist of two sentences as follows: "Dr. Paul Alexander

had prior knowledge that the Petitioner's medical care was inadequate," and "Dr. Paul Alexander had prior knowledge that the Petitioner was being retaliated against for utilizing the grievance process in violation of TDOC Policy 501.01." (Docket Entry No. 1 at 22). On page 105 of Exhibit B to the complaint, plaintiff alleges as follows: "Dr. Alexander told me he would find another arthritis medication for me, he gave me a new allergy medication, and restored several other chronic medications I needed. It has been several months since I saw Dr. Alexander and I have not gotten any medication for arthritis or gout." (Docket Entry No. 1-2 at 105). Finally, defendant Alexander is listed along with numerous other defendants in conclusory allegations on pages 83 and 84 of Exhibit C to the complaint (Docket Entry No. 1-3 at 83-84).

## **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the

2

claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## **Analysis**

A district court cannot grant a motion to dismiss pursuant to Rule 12(b)(6) simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

As stated above, a plaintiff must plead enough facts, as distinguished from legal conclusions, to make his claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555.

Given this standard of pleading, the undersigned Magistrate Judge finds that plaintiff's allegations against defendant Alexander, recited above, do not contain enough facts to make plaintiff's claim against this defendant plausible, as required by Ashcroft v. Iqbal. Therefore, the undersigned finds that plaintiff's complaint against Dr. Alexander should be dismissed for failure to state a claim upon which relief can be granted.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendant Alexander's motion to dismiss be GRANTED, and the complaint against him DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of March 2013.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge