UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT EARL COLE,                    )
                                     )
     Plaintiff,                      )
                                     )
          v.                         )   NO. 3:12-0332
                                     )   Judge Sharp/Bryant
STATE OF TENNESSEE, et al.,          )   Jury Demand
                                     )
     Defendants.                     )

## **O R D E R**

Plaintiff Robert Earl Cole, a prisoner proceeding *pro se*, has filed his motion for an injunction requiring the State of Tennessee, the Tennessee Department of Corrections, and the Southeastern Tennessee State Regional Correctional Facility ("STSRCF") to "return the Plaintiff's [computer] disc and give him access to a computer so he can finish the legal brief and motions already in progress." (Docket Entry No. 54). As grounds, Plaintiff alleges that he was transferred on July 17, 2012, from the Northeast Correction Complex in Mountain City, Tennessee, to STSRCF in Pikeville, Tennessee, but that, at least as of the date of Plaintiff's motion, a computer disc containing Plaintiff's legal work and research had not been returned to him. Plaintiff alleges in his motion that he will be unable to respond to any further motions by Defendants without his missing disc.

Rule 65 of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order or a preliminary injunction if certain prerequisites are met. Although

Plaintiff's motion does not expressly state, the undersigned construes the motion to seek a preliminary injunction for the requested relief.

A district court must weigh four factors when considering a motion for a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injuries absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction. *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012).

From a review of Plaintiff's filings in this record since his filing of the instant motion, it appears that the computer disc about which he complains, or at least the legal work contained thereon, has now been provided to the Plaintiff. (Docket Entry No. 58 at 116-117). In addition, the record shows that since filing the instant motion, Plaintiff has made multiple additional filings in this case, including but not limited to a 130-page motion to amend and supplement pleadings. (Docket Entry No. 58). From this evidence, the undersigned finds that Plaintiff has failed to show a strong likelihood of success on the merits of his motion, and he has further failed to demonstrate that he is likely to suffer irreparable injuries absent the preliminary injunction he seeks. The evidence in the record is insufficient to make a finding on the

other factors, the likelihood of substantial harm to others and the effect on the public interest caused by issuance of an injunction.

For the reasons stated above, the undersigned finds that Plaintiff's motion for an injunction (Docket Entry No. 54) should be **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge