```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

ROBERT EARL COLE,             )
                              )
        Plaintiff             )
                              )      No. 3:12-0332
v.                            )      Judge Sharp/Bryant
                              )      **Jury Demand**
STATE OF TENNESSEE, *et al.*, )
                              )
        Defendants            )

**TO:  THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Pending in this case is the motion for summary judgment filed on behalf of Defendant Dr. Dane Lee (Docket Entry No. 98). Plaintiff Cole has filed no response in opposition to this motion, and the time within which he was obligated to do so has long since expired.

For the reasons stated below, the undersigned Magistrate Judge finds that Defendant Lee's motion for summary judgment should be GRANTED and the complaint against him DISMISSED with prejudice.

### STATEMENT OF THE CASE

Plaintiff Cole, a prisoner proceeding *pro se* and *in forma pauperis*, has filed his complaint which, including attached exhibits, runs to 520 pages and asserts seemingly unrelated claims against 36 separate defendants. The claims against Defendant Lee are found at Docket Entry No. 1 at 24 and at Docket Entry No. 1-4 at 130-35.

Dr. Lee previously filed a motion to dismiss pursuant to Rule 12(b)(6) (Docket Entry No. 33), which the Court granted in part and denied in part (Docket Entry No. 89). The only surviving

claims against Defendant Lee are Plaintiff Cole's claims pursuant to 42 U.S.C. § 1983 asserting that Defendant Lee was willfully indifferent to Plaintiff's serious medical needs.

Defendant Lee has now filed his motion for summary judgment seeking dismissal of this sole surviving claim against him.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case.

2

*Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**SUMMARY OF PERTINENT FACTS**

Defendant Dane Lee is a physician who treated Plaintiff Cole at the Northeast Correctional Complex in Mountain City, Tennessee, in 2011. Construing the complaint liberally, Cole claims that Dr. Lee was willfully indifferent to Cole's serious medical needs when he changed three medications that Cole had been receiving and substituted for them alternative medications which, according to Cole, were ineffective or less effective than the medications he had previously been provided. Specifically, Cole complains that his pain medication was changed from Neurontin to Pamelor, his Prilosec was discontinued and replaced with Zantac, and his hemorrhoid ointment was replaced with a hemorrhoid cream. Specifically, Cole claims that Defendant Lee, by substituting Pamelor for Neurontin, "failed to provide adequate pain relief by using opiate therapy to relieve severe chronic intractable pain" (Docket Entry No. 1-4 at 134).

**ANALYSIS**

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for

3

summary judgment to ensure that he has discharged that burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. The Eighth Amendment's proscription on cruel and unusual punishment also prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners as an "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Specifically, deliberate indifference "is comprised of both an objective and a subjective component." *Cardinal v. Metrish,* 564 F.3d 794, 802 (6th Cir. 2009). To fulfill the objective component, a plaintiff must show that the medical deprivation or need is "sufficiently serious." *Id*. To fulfill the subjective component, a plaintiff must establish that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Furthermore, deliberate indifference "entails something more than mere negligence;" rather, the prison official must "know of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 835-37. Therefore, negligence or medical malpractice alone is insufficient to establish deliberate indifference. *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006). When a physician negligently provides treatment to prison inmates, that physician "has not displayed a deliberate

4

indifference to the prisoner's need, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). As such, "federal courts are reluctant to 'second guess medical judgments and to constitutionalize claims' sounding in state tort law '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment.'" *Ruiz v. Martin*, 72 Fed. Appx. 271, 276 (6th Cir. July 17, 2003) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

The declaration of Defendant Lee (Docket Entry No. 100) establishes that Defendant Lee ordered the substitutions of medications for Plaintiff Cole based on valid, legitimate medical reasons. Specifically, Defendant Lee substituted Pamelor, and later Ultram, for the drug Neurontin because some inmates were abusing Neurontin and using it improperly to magnify the effects of alcohol or other illegal drugs within the prison. Moreover, Defendant Lee testifies that Pamelor is a recognized medication for treating nerve pain while Neurontin is most often used as an anti-seizure medicine. Similarly, Defendant Lee testified that he discontinued the long-term use of Prilosec because the FDA warns that such use can cause osteoporosis or osteoarthritis. Zantac, the medication substituted for Prilosec, does not have this side-effect. Defendant Lee states that because Plaintiff Cole is at risk for developing osteoporosis, Zantac is a better medication option for him. Finally, Defendant Lee testifies that Preparation H, the hemorrhoid medication initially used by Plaintiff Cole, is an over-the-counter medicine whereas Anusol HC 2.5% is a prescription drug. Defendant

5

Lee testifies, contrary to Plaintiff Cole's claims, that Anusol is a superior, but not cheaper, medication for the treatment of hemorrhoids.

From the foregoing evidence, which is undisputed in this record, the undersigned Magistrate Judge finds that Plaintiff Cole has failed to produce any evidence in support of his claim that Defendant Lee has been willfully indifferent to any of Plaintiff's serious medical needs. The undersigned finds that there is no genuine dispute as to any material fact on this issue and that Defendant Lee is entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant Lee's motion for summary judgment be GRANTED and that the complaint against him be DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 5th day of February, 2014.

/s/   John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge