UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBERT EARL COLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-0332 |
| v. | ) | Judge Sharp |
| | ) | |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Magistrate Judge Bryant has issued a Report and Recommendation (Docket No. 115), recommending that the Motion for Summary Judgment filed on behalf of Defendant Dr. Dane Lee (Docket Entry No. 98) be granted and the claims against him be dismissed. Plaintiff Robert Earl Cole has filed a 115-page Objection (Docket No. 127) that discusses the myriad of claims he has filed against the numerous Defendants in this action. However, by Order dated May 15, 2013, (Docket No. 89), all claims against Dr. Lee were dismissed, except Plaintiff's Section 1983 claim of deliberate indifference to his serious medical needs.

In support of his Motion for Summary Judgment, Dr. Lee, a physician who treated Plaintiff, has submitted a declaration in which he states that his substitution of drugs was medically appropriate. Specifically, Dr. Lee states that he substituted Pamelor and Ultram for Neurontin because some inmates were abusing Neurontin and using it improperly to magnify the effects of alcohol or other illegal drugs in the prison. He also states that Plaintiff complained of nerve pain and Pamelor is recommended for its treatment; that Neurontin is most often used as an anti-seizure medicine; and that Ultram was substituted for Pamelor after Plaintiff claimed to have an allergic

1

reaction to Pamelor. Dr. Lee further declares that he substituted Zantac for Prilosec because the Food and Drug Administration has warned that the long-term use of Prilosec can cause osteoporosis or osteoarthritis to which Plaintiff was susceptible, and inmates who claimed to not get relief from Zantac were placed back on Prilosec. As for Plaintiff's claim that the discontinuation of non-prescription Preparation H aggravated his hemorrhoids, Dr. Lee states that Plaintiff was prescribed Anusol HC 2.5%, a prescription drug that is more expensive than Preparation H and is better for treating hemorrhoids. Plaintiff has proffered no admissible evidence to call any of these statements into question.

Moreover, to prevail on a deliberate indifference claim, Plaintiff is required to show more than mere negligence, so as "to prevent the constitutionalization of medical malpractice claims[.]" Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001). "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." Id. Thus, to prevail on a claim against a prison doctor, a plaintiff must show that he has "a 'sufficiently serious' medical need" (the objective component), and "that the doctor had a 'sufficiently culpable state of mind,' equivalent to criminal recklessness" (the subjective component). Santiago v. Ringle, 734 F.3d 585, 590 (6th Cir. 2013) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 839-40 (1994)). Plaintiff offers no proof that he suffered from a serious medical condition that was left untreated, or that Dr. Lee "subjectively perceived facts from which to infer substantial risk to [plaintiff], that he did in fact draw the inference, and that he then disregarded that risk." Comstock, 273 F.3d at 703.

Accordingly, the Court rules as follows:

2

(1) The Report and Recommendation (Docket No. 115) is hereby ACCEPTED and APPROVED and Plaintiff's Objection thereto (Docket No. 127) is overruled; and

(2) Defendant Lee's Motion for Summary Judgment (Docket No. 98) is hereby GRANTED and the claims against that Defendant are hereby DISMISSED WITH PREJUDICE.

This case is returned to Magistrate Judge Bryant for further pretrial case management.

It is SO ORDERED.

*Kevin H. Sharp*
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE