UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT EARL COLE, | ) |
|     Plaintiff | ) )   No. 3:12-0332 |
| v. | )   Judge Sharp/Bryant )   **Jury Demand** |
| STATE OF TENNESSEE, *et al.*, | ) |
|     Defendants | ) |

**TO:  THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendants James Austin, Jim Brown, Patsy Bruce, Julia Campbell, Sue Chafin, Ronnie Cole, Georgia Crowell, Sherry Freeman, Yusef Hakeem, Joe Hill, Debra K. Johnson, Lisa Jones, Tim McConnell, Brandon Maloney, Pam Nappier, Mohammad Russekhi, Derrick Schofield, David Schorn, David Sexton, Jon Shelton, Charles Traughber, Candace Whisman, Todd Wiggins and Clifford Woods have filed their motion to dismiss or for summary judgment pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure (Docket Entry No. 106). Plaintiff Cole has responded in opposition (Docket Entry No. 127).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion be GRANTED, to the extent stated in this report and recommendation.

### STATEMENT OF THE CASE

Plaintiff Cole, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a complaint which runs to 532 unnumbered pages including copies of numerous documents interspersed with its text (Docket Entry Nos. 1 and 2). It appears that Plaintiff Cole seeks

to assert several different claims, with their only commonality being that they arise out of Cole's confinement by the Tennessee Board of Corrections ("TDOC"). First, Cole names as defendants all members of the Tennessee Board of Probation and Parole, alleging that they have knowingly violated Tennessee law in denying him parole and thereby wrongfully deprived him of a liberty interest. Cole insists that he should have been released on parole on his original 40-year sentence on August 12, 2009.

Cole also asserts a claim under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. and § 504 of the Rehabilitation Act. This claim is based upon Cole's assertion that the showers at the Northeast Correctional Complex ("NECX") are not ADA-compliant. He seeks money damages against individual defendants and injunctive relief requiring TDOC to renovate inmate showers at NECX to comply with the ADA.

Cole next claims that he was assaulted by fellow inmate Jacob Doccet on April 29, 2011, at NECX. He alleges that this assault violated his constitutional rights because Defendants were deliberately indifferent to a known risk of serious injury to him, which permitted this assault to occur. He seeks damages pursuant to 42 U.S.C. § 1983.

Finally, Cole maintains that he has been wrongfully denied parole based upon false information regarding a previous escape that Cole claims was placed in his institutional file by Counselor Jon Shelton, and he apparently asserts that but for this allegedly false information in his file he would have been admitted to parole.

The individual Defendants above have filed their motions for summary judgment, and Cole has responded in opposition.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe

the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

Denial of Immediate Release on Parole. Plaintiff Cole makes two arguments in support of his claim that he is entitled to immediate release on parole. First, he argues that the individual Defendants serving on the Tennessee Board of Probation and Parole have knowingly violated Tennessee law in denying him parole and have thereby wrongfully deprived him of a liberty interest. Cole insists that under Tennessee law he was entitled to be released on parole on his original 40-year sentence on August 12, 2009. Second, Cole further argues that he has wrongfully been denied parole in reliance upon false information concerning a prior escape wrongfully placed in his institutional record by Defendant Jon Shelton, a counselor employed by TDOC. Cole apparently claims that except for the presence of this false information in his record, he would have been released on parole.

The Supreme Court of the United States has held that a prisoner in state custody cannot use an action pursuant to 42 U.S.C. § 1983 to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973); *see also, Wolff v. McDonnell,* 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The prisoner must seek federal *habeas corpus* relief or appropriate state relief instead. Specifically, the Court has concluded that a Section 1983 action will not lie when a state

4

prisoner seeks either immediate release from prison or the shortening of his term of confinement. *Preiser*, 411 U.S. at 482.

Here, Plaintiff Cole seeks "Injunctive Relief in the form of a Court Order for the Tennessee Board of Probation and Parole and the Tennessee Department of Corrections to reinstate the Plaintiff's parole in compliance with the Boards decision of September 22, 2006 and Order the immediate release on parole since the Plaintiff's consecutive sentence expired on August 12, 2009." (Docket Entry No. 127 at 114). The undersigned Magistrate Judge finds that if Plaintiff Cole were successful on his claims regarding entitlement to immediate release on parole, such success would necessarily demonstrate the invalidity of his present confinement. Accordingly, he is barred from seeking such release in a Section 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

For this reason, the undersigned Magistrate Judge finds that Plaintiff's claims seeking immediate release on parole must be **DISMISSED**.

Claim Under the ADA and the Rehabilitation Act. As stated above, Plaintiff Cole alleges that the inmate showers at NECX fail to comply with the requirements of the ADA. Plaintiff seeks injunctive relief requiring TDOC to renovate shower accommodations in the inmate housing units at NECX to bring these shower facilities into compliance with the ADA (Docket Entry No. 2 at 4). Plaintiff also seeks money damages against the Tennessee Department of Correction and numerous individual Defendants based upon alleged acts of discrimination against him (Docket Entry No. 2 at 4-12).

5

The Court has previously ruled that the State of Tennessee, TDOC, and employees of the state sued in their official capacities are immune from Plaintiff's claims for money damages pursuant to the Eleventh Amendment (Docket Entry No. 4 at 3).

In addition, since Title II of the ADA forbids discrimination by "any public entity", 41 U.S.C. § 12131, the proper defendant is that "entity." The Sixth Circuit has held that a plaintiff may not maintain an action under the ADA or the Rehabilitation Act against individual defendants because neither the ADA nor the Rehabilitation Act imposes liability upon individuals. *Lee v. Michigan Parole Bd.*, 104 F. Appx. 490, 493 (6th Cir. 2004); *see also, Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005). For this reason, Plaintiff Cole's ADA and Rehabilitation Act claims against the individual Defendants must be **DISMISSED**.

Finally, the record is undisputed that Plaintiff Cole was transferred from NECX on July 17, 2012, and that he is no longer housed at that facility. Therefore, the undersigned Magistrate Judge finds that Plaintiff's claim for injunctive relief requiring renovation of inmate showers at NECX have been rendered moot, a finding that Plaintiff Cole concedes (Docket Entry No. 127 at 114).

For the above reasons, the undersigned Magistrate Judge finds that Plaintiff Cole's claims pursuant to the ADA and the Rehabilitation Act must be **DISMISSED**.

<u>Claims Arising at DeBerry Special Needs Facility</u>. Plaintiff Cole has asserted various claims against numerous Defendants that are alleged to have arisen while Plaintiff was confined at the DeBerry Special Needs Facility in Nashville, Tennessee. The undisputed record shows that Plaintiff Cole was

6

transferred from DSNF to NECX on March 10, 2011 (Docket Entry No. 108-5 at 1). Plaintiff signed his complaint on March 28, 2012 (Docket Entry No. 2 at 12).

The statute of limitations for a civil rights claim brought pursuant to 42 U.S.C. § 1983 in the State of Tennessee is one year. *Berndt v. State of Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986); Tenn. Code Ann. § 28-3-104(a). Since all of Plaintiff Cole's claims based upon events at DSNF necessarily accrued more than one year before he signed his complaint, all of those claims are barred by the one-year statute of limitations and must be **DISMISSED**.

<u>Claims Against Defendants Schofield and Sexton</u>. Defendants Derrick Schofield and David Sexton move for dismissal of claims against them in their individual capacities on the ground that the complaint fails to state a claim upon which relief can be granted. Defendant Schofield is identified in the complaint as the Commissioner of TDOC (Docket Entry No. 1 at 11). Defendant Sexton is identified as the Warden at NECX (*Id*. at 13). Each of these two Defendants is alleged to have "had prior knowledge" of various alleged wrongs visited upon Plaintiff Cole at TDOC facilities under their supervision.

A supervisory official may not be held liable under 42 U.S.C. § 1983 for the misconduct of those whom the official supervises unless the plaintiff demonstrates that the supervisory official encouraged the specific misconduct or in some other way directly participated in it. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of his or her subordinates. *Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002).

7

Liability under Section 1983 must be based upon active unconstitutional behavior and cannot be based upon a mere failure to act. *Bellamy*, 729 F.2d at 421.

Plaintiff Cole has altogether failed either to plead or to prove that Defendants Schofield or Sexton are guilty of any active unconstitutional behavior in this case.

For this reason, all claims against Schofield and Sexton should be **DISMISSED**.

Wilful Indifference Claim Against Defendant Georgia Crowell. Among the multitude of claims asserted in Plaintiff's complaint, he claims that on April 29, 2011, Defendant Georgia Crowell, identified as a Unit Manager at NECX, was wilfully indifferent to a serious risk of injury to him by failing to take reasonable steps to protect him from an assault by his cell mate, Jacob Doccet. Plaintiff Cole claims that he had previously notified Defendant Crowell that he was at serious risk of being assaulted by Doccet, and that Crowell wrongfully ignored his requests for transfer to another cell (Docket Entry No. 1-3 at 144-48). Unless the undersigned Magistrate Judge has somehow overlooked it, it does not appear that Defendants' motion for summary judgment addresses this particular claim.

Rule 56 of the Federal Rules of Civil Procedure requires the moving party to make a showing that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Since Defendants fail to address Plaintiff's wilful indifference claim against Defendant Crowell, the undersigned Magistrate Judge finds no grounds upon which the Court can dismiss that particular claim. Similarly, Defendants' motion does not appear to address the remaining viable claim against

8

Defendant Dane Lee, M.D. (Docket Entry No. 89). Therefore, these two claims are not presently subject to dismissal.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' Motion to Dismiss or for Summary Judgment (Docket Entry 106) be **GRANTED** and that all claims in this action be **DISMISSED** except for the respective wilful indifference claims against Defendants Georgia Crowell and Dane Lee, M.D.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 15th day of September, 2014.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge