# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT EARL COLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 3:12-0332 |
| v. | ) | Judge Sharp |
| | ) | |
| **STATE OF TENNESSEE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

In response to Defendants' Motion to Dismiss or for Summary Judgment (Docket No. 106), Magistrate Judge Bryant issued a Report and Recommendation ("R & R") (Docket No. 163) addressing the myriad of claim in Plaintiff's 500-plus page Complaint. In the R & R filed on September 15, 2014, Magistrate Judge Byrant recommended that all claims be dismissed, except for Plaintiff's "willful indifference claims against Defendants Georgio Crowell and Dane Lee, M.D." The next day, he entered an Order (Docket No. 167) correcting a scrivener's error in the R & R to reflect that Dr. Lee had been dismissed by Order dated July 18, 2014, leaving only the willful indifference claim as to Defendant Crowell.

After the R &R and Order were entered, Plaintiff filed a 19-page Objection and Motion from Relief for Judgment or Order (Docket No. 175) in which he asserts that Magistrate Judge Bryant erred by recommending dismissal of (1) the claims against the members of the Tennessee Board of Probation and Parole; (2) the ADA/Rehabilitation Act claim; and (3) the claims against Defendants Derrick Schofield and David Sexton. He also asks "the Court to reverse its prior ruling that the state of Tennessee, the Tennessee Department of Correction, and employees of the state sued in their

1

official capacity capacities are immune from plaintiff's claim for money damages pursuant to the Eleventh Amendment." (Id. at 1).

Plaintiff first argues that Magistrate Judge Bryant was incorrect in asserting that Plaintiff's custodial parole claim was barred by cases such as Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) and Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2004) because "if Plaintiff Cole were successful on his claims regarding entitlement to immediate release on parole, such success would necessarily demonstrate the invalidity of his present confinement." (Docket No. 163 at 5). Plaintiff claims that he is not challenging the "fact or duration of his confinement," but rather "has always maintained his 'due process' right to a preliminary hearing and revocation hearing was violated," and argues that "Section 1983 is the proper venue to correct a 'due process' violation." (Docket No. 175 at 9).

Leaving aside that, in response to Defendants' Motion for Summary Judgment, Plaintiff specifically requests an injunction ordering his immediate release on parole, this Court has previously held that where, as here, an inmate challenges his custodial parol status or calculation a Section 1983 claim does not lie. Rather, "'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983.'" Wooden v. Steward, 2013 WL 587478, at *5 (M.D. Tenn. 2013) (citation omitted). In doing so, "[t]he Court recognized that the plaintiff's claims for damages were cognizable under § 1983, but held that, because 'the sentence computation issue is central to the remainder of his claims' and any relief to which the plaintiff might be entitled under § 1983 was 'predicated on an affirmative showing that the sentences were, in fact, computed improperly,' the plaintiff could not seek such relief until and unless a federal or state court resolved the sentence

computation issue in the plaintiff's favor." Id. This objection is overruled.

With regard to Plaintiff's ADA/ Rehabilitation Act claim based upon the contention that the showers at the Northeast Correctional Complex ("NECX") are non-compliant, Magistrate Judge Bryant recommends dismissal because (1) this Court previously ruled that the State of Tennessee, the Tennessee Department of Corrections and the individual Defendants in their official capacity are immune from money damages; (2) the proper defendant on and Title II claim under the ADA is a "public entity"; (3) the ADA claims against individual defendants are barred; and (4) the request for injunctive relief is moot because Plaintiff has been transferred to another prison. In his objection, Plaintiff concedes that his request for injunctive relief is "moot," (Docket No. 175 at 11), but argues that he can pursue a claim for money damages against the State, as well as prison officials in their individual capacity.

During the initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Court noted that both the ADA and Rehabilitation Act apply to state prisoners, and found that Plaintiff sufficiently stated a claim under the ADA. The Court went on to write that

> as to the plaintiff's claims for money damages against (1) the State of Tennessee, (2) the Tennessee Department of Corrections, and (3) employees of the state sued in their official capacities, the Eleventh Amendment bars an action for damages in a federal court against a State, a state agency, or any of its employees in their official capacities, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. See Berndt v. State of Tenn., 796 F.2d 879, 881 (6th Cir. 1986).
>
> Congress has not abrogated Eleventh Amendment immunity, Quern v. Jordan, 440 U.S. 332 (1979), and Tennessee has not waived it. See Gross v. University of Tenn., 620 F.2d 109, 110 (6th Cir. 1980). Accordingly, the State of Tennessee, the Tennessee Department of Corrections, and all individual defendants in their official capacities are entitled to immunity from money damages.

(Docket No. 4 at 3).

Magistrate Judge Bryant correctly followed this Court's prior Order. However, upon further

consideration, the Court believes that it may have spoken too broadly.

In United States v. Georgia, 546 U.S. 151, 159 (2010), the United States Supreme Court held that held that "insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." The Court also ruled that in determining whether such a claim should go forward, lower courts are to assesses

> on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

Id. Application of this procedure is "mandated," but a court "need not – and should not – . . . venture[] into the consideration of immunity under the Eleventh Amendment" in the absence of a viable ADA claim. Zibbell v. Mich. Dept. of Human Serv., 313 F. App'x 843, 847 (6th Cir. 2009).

In their Motion for Summary Judgment, Defendants assert that Plaintiff lacks standing to bring a claim under the ADA and that, in any event, he has not established the elements of a such a claim. The Court will leave it to Magistrate Judge Bryant to address these issues in the first instance and to determine whether, under Georgia it is necessary to consider potential Eleventh Amendment immunity.

Plaintiff also objects to the recommended dismissal of his claims against Defendant Schofield, the Commissioner of the Department of Corrections, and Defendant Sexton, the former warden at NECX. However, "'supervisor liability under § 1983 cannot attach where the allegation of liability is based on a mere failure to act.'" Gregory v. Louisville, 444 F.3d 725, 751 (6th Cir. 2006) (citation omitted). "Rather, the supervisors must have actively engaged in unconstitutional

4

behavior." Id. That is, a supervisor is not liable under Section 1983 unless he "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Petty v. Cnty. of Franklin, 478 F.3d 341, 349 (6th Cir. 2007). As Magistrate Judge Bryant pointed out, Plaintiff has not made such a showing in this case.

Finally, Plaintiff request that judgment be granted in his favor on his willful indifference claim against Defendant Crowell. However, that is the subject of Plaintiff's Motion for Summary Judgment (filed after the R & R) and will be considered by Magistrate Judge Bryant in that context.

Accordingly, the Court rules as follows:

(1) The R & R is ACCEPTED and APPROVED, EXCEPT with respect to Plaintiff's ADA and Rehabilitation Act claims and those claims are RETURNED to Magistrate Judge Bryant for further consideration; and

(2) Defendants' Motion for Summary Judgment (Docket No. 106) is hereby GRANTED, EXCEPT with respect to Plaintiff's ADA/Rehabilitation Act claim and his claim for willful indifference against Defendant Crowell.

This case is hereby returned to Magistrate Judge Bryant.

It is SO ORDERED.

*(signature)*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE