UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT EARL COLE, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:12-0332 |
| v. ) | Judge Sharp/Bryant |
| ) | **Jury Demand** |
| STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Plaintiff Robert Earl Cole, a prisoner proceeding *pro se*, has filed his motion for summary judgment (Docket Entry No. 182). By this motion, Plaintiff seeks a judgment as a matter of law against Defendant Georgia Crowell based upon Defendant's alleged willful indifference to a serious risk of injury to Plaintiff Cole.

Defendant Crowell has filed a response in opposition (Docket Entry No. 184).

For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff's motion for summary judgment be denied.

### ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure provides that the Court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Subsection (c) of this rule states that a party asserting that a fact cannot be or is genuinely disputed must support the assertion

by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. In addition, this rule provides that an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Local Rule 56.01 provides that any motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure shall be accompanied by a separate, concise statement of the material fact as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record. After each paragraph, the word "Response" shall be inserted and a blank space shall be provided reasonably calculated to enable the nonmoving party to respond to the assertion that the fact is undisputed. Finally, Local Rule 7.01 requires that every motion that may require the resolution of an issue of law when filed shall be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits or depositions in support thereof.

Plaintiff Cole's motion for summary judgment fails to satisfy these essential requirements of Rule 56 and Local Rules 56.01 and 7.01. Specifically, Plaintiff has failed to file a

separate statement of facts that are alleged to be undisputed which includes a citation to the record for each alleged undisputed fact. Plaintiff has submitted no separate memorandum of law in support of his motion, although he does include in his motion citations to certain case authorities. Plaintiff cites no evidence in support of his motion in a form that would be admissible in court.

For all of the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiff's motion for summary judgment lacks support required by the rules, and must be denied.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff Cole's motion for summary judgment (Docket Entry No. 82) be denied without prejudice to his filing a subsequent motion supported as required.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 17th day of July, 2015.

                                             /s/   John S. Bryant
                                             JOHN S. BRYANT
                                             United States Magistrate Judge