UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT EARL COLE,  )
 )
      Plaintiff )
 ) No. 3:12-0332
v. ) Judge Sharp/Bryant
 ) **Jury Demand**
STATE OF TENNESSEE, *et al.*, )
 )
      Defendants )

**TO: THE HONORABLE KEVIN H. SHARP**
    **CHIEF JUDGE**

## REPORT AND RECOMMENDATION

Defendant Georgia Crowell, the sole remaining Defendant in this case, has filed her motion to dismiss or for summary judgment (Docket Entry No. 224). As grounds for this motion, Defendant Crowell states that Plaintiff Cole, a prisoner proceeding *pro se* and *in forma pauperis*, has failed to exhaust his administrative remedies in this case before filing his complaint against Defendant Crowell. Plaintiff Cole has not responded in opposition to this motion, and the time within which he was required to do so has expired.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Crowell's motion for summary judgment be granted and the complaint dismissed.

### STATEMENT OF THE CASE

Plaintiff Robert Earl Cole has filed this civil rights action asserting a multitude of claims against a host of Defendants. Defendant Crowell is identified in the complaint as the Unit Manager for Unit 12 at Northeast Correctional Complex in

Mountain City, Tennessee (Docket Entry No. 1 at 23). Although the specific allegations against Defendant Crowell are vague at best, it appears that this Defendant is alleged to have been wilfully indifferent to serious risks to Plaintiff's safety while he was confined at the Northeast Correctional Complex. Defendant Crowell, together with other Defendants, filed her answer denying liability and asserting affirmative defenses, including failure to exhaust administrative remedies (Docket Entry No. 40). Defendant Crowell has now filed her motion for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the

party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to insure that she has discharged her burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The pertinent provision of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), states as follows:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The PLRA requires that prisoners properly exhaust all available administrative remedies before filing suit in federal

court. *Woodford v. Ngo*, 548 U.S. 81 (2006). Exhaustion of administrative remedies under the PLRA is mandatory, and unexhausted claims cannot be brought to court. *Jones v. Bock*, 549 U.S. 199, 212 (2007).

Defendant Crowell supports her motion by the affidavit of Sherrie Douthitt, who is the Custodian of Inmate Grievance Records at the Northeast Correctional Complex (Docket Entry No. 227). In her affidavit, Ms. Douthitt testifies that there exists no record of Plaintiff Cole having filed a grievance against Defendant Crowell during any period pertinent to this case. Thus, the undisputed evidence in this record shows that Plaintiff Cole has failed to exhaust his administrative remedies against Defendant Crowell prior to filing this lawsuit.

For the foregoing reason, the undersigned Magistrate Judge finds that Defendant Crowell's motion for summary judgment should be granted and the complaint dismissed for Plaintiff Cole's failure to exhaust his administrative remedies before filing suit.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendant Crowell's motion for summary judgment be granted and the complaint dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

4

**14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 8th day of February, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge